**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

UNITED STATES OF AMERICA

CRIMINAL ACTION

VS. PAULETTE GARNER          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       2001 AUG 16   00-00065-002  "C"
    633 N. ELM APT. A         (SOC. SEC. NO.)                (CASE NO./SEC.)
    METAIRIE, LOUISIANA 70003                 LORETTA G. WHYTE
                                              CLERK

PROBATION OFFICE
ORLEANS, LOUISIANA

---

**JUDGMENT AND PROBATION/COMMITMENT ORDER**

In the presence of the attorney for the government,            Month   Day   Year
the defendant appeared in person on this date -----------------( AUGUST  15,  2001 )

**XX WITH COUNSEL**          JOHN CRAFT
                             (Name of Counsel)

Assistant U.S. Attorney: BYRON C. WILLIAMS      U.S. Probation Officer: LORETTA M. EGLEN
Court Reporter: VICTOR DIGIORGIO                Courtroom Deputy: KIMBERLY COUNTY

**PLEA:** XX GUILTY, and the court being satisfied that there is a factual basis for the plea.
There being a finding of GUILTY ON 4/05/01 AS TO COUNT 1 OF THE SUPERSEDING INDICTMENT
   PLEA ACCEPTED UNCONDITIONALLY AT SENTENCING

Defendant has been convicted as charged of the offense(s) of 21 USC § 841(a)(1) AND 846 - CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE COCAINE BASE

The sentence is imposed pursuant to the Sentencing Reform Act of 1984. The court adjudged the defendant guilty as charged and convicted and ordered that: The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 70 months as to Count 1. The term of imprisonment imposed by this judgment shall run consecutively to the defendant's imprisonment under any previous state or Federal sentence. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of five years as to Count 1. Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released. While on supervised release, the defendant shall comply with the mandatory and standard conditions that have been adopted by this Court, and shall not possess a firearm. In addition, the following special conditions are imposed: 1. The defendant shall participate in an orientation and life skills program as directed by the probation officer. 2. The defendant shall participate in a program of testing and/or treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall contribute to the cost of such treatment to the extent that the defendant is deemed capable by the probation officer. 3. The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The Court waives the fine in this case. The Government's oral motion to dismiss the underlying indictment and the remaining counts of the superseding indictment - GRANTED. It is further ordered that the defendant be remanded to the United States Marshal.

**IT IS FURTHER ORDERED** that the defendant shall pay to the United States a special assessment of $ 100.00 as to Counts 1, for a total assessment of $ 100.00

IT IS FURTHER ORDERED that the defendant notify the United States Attorney for this District within 30 days of any change of residence or mailing address until all fines, restitution, costs and special assessments imposed by this Judgment are fully paid. In addition to the special conditions of probation imposed above, **IT IS HEREBY ORDERED** that the general conditions of probation/supervised release set out on the reverse side be imposed.

SIGNED BY: _____          CERTIFIED AS A TRUE COPY
           HELEN G. BERRIGAN                    ON THIS DATE  AUG 16 2001
           UNITED STATES DISTRICT JUDGE         BY: _____
(Date) 8/15/2001                                     Deputy Clerk

Doc. No. _____

GOVERNMENT
EXHIBIT
A

# UNITED STATES DISTRICT COURT
## for the
## Eastern District of Louisiana

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 AUG 14 AM 7:36

LORETTA G. WHYTE
CLERK

### PETITION FOR WARRANT OR SUMMONS FOR OFFENDER UNDER SUPERVISION

**Name of Offender:** PAULETTE GARNER  **Case Number:** 053L 2:00CR00065-002C

**Name of Sentencing Judicial Officer:** Honorable Helen G. Berrigan

**Offense:** 21 U.S.C. 841(a)(1) and 846 - Conspiracy to possess with the intent to distribute cocaine base

**Date of Sentence:** August 15, 2001

**Sentence:** 70 months in the custody of the Bureau of Prisons, followed by a five year term of supervised release. A $100.00 special assessment fee was also ordered.

**Special Conditions:**

1. Orientation and life skills
2. Drug testing/treatment
3. Mental health treatment

**Type of Supervision:** Supervised Release  **Date Supervision Commenced:** September 17, 2004
**Assistant U.S. Attorney:** Byron C. Williams  **Defense Attorney:** John Craft

---

### PETITIONING THE COURT

[ X ] To issue a warrant  [ ] To issue a summons

For the arrest of Paulette Garner for alleged violations of Supervised Release, and that she be brought before this court to answer a Rule to Show Cause Why Supervised Release Should Not Be Revoked.

---

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Non-Compliance |
|---|---|
| Mandatory Condition: | Paulette Garner submitted urine specimens to personnel of the U.S. Probation Office and the Methodist Counseling Center which tested positive for cocaine on the following dates: September 22, November 18, December 27, 2004, February 10, 2005, May 22, June 6, and July 27, 2006. Garner also tested positive for marijuana on December 30, 2004, and methamphetamines on July 27, 2006. Garner admitted to use relative to each of the listed drug positives. |
| Special Condition No. 2: | Garner violated the rules of the drug aftercare and mental health treatment programs by receiving stalls for missing both individual sessions and group meetings at Family Services of Greater New Orleans. Garner received stalls for missing group meetings for drug aftercare on January 11, January 12, January 13, January 14, January 15, January 18, January 19, January 20, January 21, |

GOVERNMENT EXHIBIT B

January 24, and January 27, 2005, July 18, July 19, July 20, July 21, July 24, July 25, and July 26, 2006. Garner also received stalls for failing to report for random drug tests on July 21, July 24, and July 26, 2006. Garner ceased participation in the drug treatment program on or about July 17, 2006, the day she completed the intake processing for the intensive outpatient drug treatment program.

**CUSTODIAL STATUS:**

Paulette Garner is not in custody at this time.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on: August 04, 2006

_____
Kenny R. Dixon
U.S. Probation Officer

REVIEWED BY:

_____
Matthew G. Arsenaux
Supervising U. S. Probation Officer

---

**THE COURT ORDERS**

[ ] No Action
[✓] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] Other

_____
Signature of Judicial Officer

8/11/06
Date

Address of Offender:    1114 Upland Street
                        Metairie, LA 70062

**CLERK'S OFFICE
A TRUE COPY
AUG 1 4 2006**
Deputy Clerk, U.S. District Court
Eastern District Of Louisiana
New Orleans, La.

THE CLERK IS DIRECTED TO DISTRIBUTE COPIES TO THE FOLLOWING ONLY:
   Original         - Clerk's Office
   1 Copy Certified - U.S. Attorney
   1 Copy Certified - U.S. Marshal's Office
   2 Copies Certified - U.S. Probation Office

**NOTICE TO THE AUSA:** DO NOT PREPARE THE RULE UNTIL AFTER THE OFFENDER APPEARS FOR THE INITIAL APPEARANCE HEARING

